1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    DEAN PAUL STEPHENS,                    )      No. C 06-5937 JSW (PR)
                                            )
9                      Plaintiff,           )
                                            )      **ORDER OF DISMISSAL WITH**
10         v.                               )      **LEAVE TO AMEND AND**
                                            )      **INSTRUCTIONS TO THE CLERK**
11   COUNTY OF MARIN, CHARLES               )
     PRANDI and MICHAEL SMITH,              )
12                                          )      (Docket No. 2)
                       Defendants.          )
13                                          )
     _____   )
14

15         Plaintiff, formerly incarcerated at the Marin County Jail in Marin County,

16   California, has filed this civil rights complaint regarding the conditions of his

17   confinement at the jail.  Plaintiff also filed a motion to proceed in forma pauperis (docket

18   no. 2), which is DENIED as discussed below (docket no. 2).  In this order the Court

19   reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint

20   with leave to amend within thirty days.  Plaintiff must also file a new *in forma pauperis*

21   application or pay the filing fee within thirty days of this order.

22                                   **DISCUSSION**

23         Plaintiff has filed a complaint which fails to provide any information regarding

24   the claims he wishes to pursue.  The complaint form identifies the Defendants listed

25   above, but the body of the complaint offers no information regarding his claims, except

26   to identify it as a claim related to medical care.  While Plaintiff informs the Court that we

27   may obtain medical records from his incarceration in state prison and his "claim filed

28   from Corcoran State Prison 1998 to March 14, 2000," it is Plaintiff's obligation to set

forth sufficient facts to state a claim.  As such, the Court now dismisses Plaintiff's complaint with leave to file an amended complaint within thirty days from the date of this order.

I       Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      Legal Claims

The complaint appears directed toward the failure of jail officials to adequately address Plaintiff's medical problems.  Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

2

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *See id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). However, in his complaint, Plaintiff has failed to state a claim against any individuals or municipal liability on the part of the County.

A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). In this case, Plaintiff has failed to state the specifics regarding the mistreatment he suffered from any defendants, how his constitutional rights were violated, whether he suffered any injury as a result, and the conduct of each defendant that he asserts is responsible for a constitutional violation. As such, Plaintiff will be granted leave to amend to allege specifics regarding any claims he has against each

3

individually named and municipal defendant.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

With regard to the named municipal Defendants, Plaintiff has also failed to state a claim.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995).  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of*

*Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997).  In this case, Plaintiff has not properly alleged liability on the part of the municipal Defendants.  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

III.    Motion to Proceed *in Forma Pauperis*

At the commencement of this action, Plaintiff filed an incomplete application to proceed *in forma pauperis* (docket no. 2).  Plaintiff's application did not include a certificate of funds from his prisoner account filled out by an authorized officer of the institution.  However, in support of the application, Plaintiff attached a "Resident Account Summary" from the Marin County Jail, which appears to document significant deposits and a balance at times in excess of $1,000, which would provide Plaintiff with sufficient funds to pay the filing fee.  Therefore, Plaintiff's application is DENIED (docket no. 2) as incomplete.  Given that Plaintiff no longer appears to be incarcerated, he is ordered to either pay the $350 filing fee or to file a non-prisoner application to proceed *in forma pauperis* within thirty days of the date of this order.  Failure to do so will result in the dismissal of this action without prejudice.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within thirty days from the date of this order in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in dismissal of the complaint..

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644

F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

4.  The Clerk of Court is directed to provide Plaintiff with a copy of the Court's non-prisoner *in forma pauperis* application form.

IT IS SO ORDERED.

DATED:  February 20, 2007

_____
JEFFREY S. WHITE
United States District Judge

6